20-1852-cv
*Team Rubicon Global, Ltd. v. Team Rubicon, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty.

PRESENT:     AMALYA L. KEARSE,
             GERARD E. LYNCH,
             WILLIAM J. NARDINI,
                   *Circuit Judges*.

───────────────────────────────────────

TEAM RUBICON GLOBAL, LTD., a Delaware Corporation,

    *Plaintiff-Counter-Defendant-Appellant,*

  v.                                                     No. 20-1852

TEAM RUBICON, INC., a Minnesota Corporation,

    *Defendant-Counter-Claimant-Appellee.*

───────────────────────────────────────

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLANT:

MAJED DAKAK, Kesselman Brantly Stockinger LLP, Manhattan Beach, CA.

FOR DEFENDANT-COUNTER-
CLAIMANT-APPELLEE:

MICHAEL E. BERN (Jeff G. Hammel, Elizabeth A. Parvis, Matthew S. Salerno, and Matthew W. Walch, *on the brief*), Latham & Watkins LLP, New York, NY *and* Chicago, IL.

On appeal from the United States District Court for the Southern District of New York (Laura Taylor Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Counter-Defendant-Appellant Team Rubicon Global, Ltd. ("Rubicon Global"), appeals from an order of the district court, entered on May 19, 2020, denying its motion for a preliminary injunction and granting Defendant-Counter-Claimant-Appellee Team Rubicon, Inc.'s ("Team Rubicon") motion for a preliminary injunction. We assume the parties' familiarity with the record.

In 2015, Team Rubicon and Rubicon Global, two disaster relief organizations, entered into a license agreement so that Rubicon Global could use and sublicense Team Rubicon's trademarks outside the United States. The agreement required Rubicon Global to "cooperate and comply with all quality control measures undertaken by or at the request of [Team Rubicon] in order to preserve and protect the integrity of the Licensed Marks . . . ." If Team Rubicon determined that Rubicon Global was not complying with its quality measures, it would send a notice and, absent a cure within 60 days of the notice, had the right to terminate the agreement.

In August and September of 2019, Team Rubicon investigated a sexual harassment complaint against the CEOs of two of Rubicon Global's sublicensees. On September 6, 2019, upon completion of its investigation, Team Rubicon requested that Rubicon Global take a series of actions, including terminating the CEOs and mandating harassment prevention trainings. Rubicon Global responded by email that it would work to respond to the requests and

subsequently sent each of its sublicensees a letter about Team Rubicon's requests.  On October 9, 2019, Team Rubicon sent Rubicon Global another letter stating that Rubicon Global was not in compliance with its quality control standards.  Sixty days later and having received no further response from Rubicon Global, Team Rubicon terminated the agreement.  Team Rubicon and Rubicon Global brought various tort and contract claims against each other and cross-moved for preliminary injunctions.  The district court granted Team Rubicon's request, preliminarily enjoining Rubicon Global from using the disputed trademarks.

On appeal, Rubicon Global argues that the district court erred in granting Team Rubicon's motion for a preliminary injunction.  It principally contends that the court erred in concluding that Team Rubicon showed irreparable harm, failed to consider the balance of hardships of an injunction on the parties, misread and misconstrued evidence, and improperly denied its motion without undertaking an independent analysis of its claims.

The district court did not abuse its discretion in granting Team Rubicon's motion for a preliminary injunction and denying Rubicon Global's motion for a preliminary injunction.  *See Alleyne v. N.Y. State Educ. Dep't*, 516 F.3d 96, 100 (2d Cir. 2008) (reviewing grant of preliminary injunction for abuse of discretion).  First, the record supports a finding of irreparable harm.  Team Rubicon brought forward evidence of at least one instance of consumer confusion about the two organizations, together with affidavits indicating that at least two corporate partners would consider ending their relationship with Team Rubicon absent action addressing the allegations.  *See Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004) (explaining that "loss of reputation, good will, and business opportunities" constitutes irreparable

3

harm). This evidence was buttressed by a provision in the parties' license agreement that a breach of the agreement would cause irreparable harm to Team Rubicon. *See Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 896 (2d Cir. 2015) ("[A]n 'irreparable harm' provision in the parties' agreement, while not controlling, is 'relevant evidence that can help support a finding of irreparable injury.'" (citations omitted)).

Rubicon Global does not challenge Team Rubicon's likelihood of success on the merits, which is supported by the record. In response to Team Rubicon's letter requesting certain quality control actions, Rubicon Global sent a letter to each sublicensee and a single response to Team Rubicon stating that it would work to fulfill the requests. But even after Team Rubicon sent Rubicon Global a letter of noncompliance in October 2019, there is no evidence that Rubicon Global responded or took any further action to fulfill Team Rubicon's demands.

Moreover, although Rubicon Global correctly points out that the district court did not explicitly balance the potential harms that would be inflicted on each party by an erroneous grant or denial of the requested injunction, the district court's view that the equities favor Team Rubicon is clear from its opinion, and we agree with that view, particularly in light of the strength of Team Rubicon's case on the merits, and the fact that, contrary to Rubicon Global's claim that the injunction "effectively shutters" its business, the preliminary injunction does not prohibit Rubicon Global from continuing its operations, without using the Team Rubicon marks, while the dispute is being litigated.

Nor did the court need to undertake an independent analysis of Rubicon Global's claims, which are based on the same license agreement and sequence of events as Team Rubicon's claims.

We have considered Rubicon Global's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5